John F. HOUCK, Jr., Plaintiff,

v.

**CITY OF PRAIRIE VILLAGE, KANSAS, et al., Defendants.**

No. 95–4066–RDR.

United States District Court, D. Kansas.

Dec. 30, 1996.

Harold S. Youngentob, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for plaintiff.

Patricia A. Bennett, Bennett, Lytle, Wetzler, Martin & Pishny, L.C., Prairie Village, KS, Mark D. Katz, Sherman, Taff & Ban-

gert, P.C., Leawood, KS, Steven D. Steinhilber, Thaddeus J. McDonald, III, Sherman, Taff & Bangert, P.C., Kansas City, MO, for City of Prairie Village, Kansas.

Patricia A. Bennett, David W. Hauber, Boddington & Brown, Chtd., Kansas City, KS, for Charles F. Grover.

Lawrence L. Ferree, III, Kirk Thomas Ridgway, Ferree, Bunn & O'Grady, Chtd., Overland Park, KS, for Johnson County Sheriff's Department, movant.

## MEMORANDUM AND ORDER

RODGERS, District Judge.

This case is now before the court upon plaintiff's motion for reconsideration of or to alter or amend the court's order granting judgment against plaintiff's outrage and § 1983 claims against defendant Charles F. Grover.

This case involves the arrest of plaintiff on charges of domestic battery and battery on a law enforcement officer. At the time of the arrest, plaintiff was a police officer of the department that arrested him. Defendant was the chief of the police department. Plaintiff was arrested between 4:30 and 5:00 p.m. on a Saturday evening. Plaintiff had a history of mental illness, depression and suicide attempts. Defendant was familiar with this history, as was the supervising officer at the arrest scene. Plaintiff was emotionally upset and depressed when he was arrested, and he made some suicidal remarks. Prior to his arrest, plaintiff had discharged a gun in his home. He told the police officers more than one version of what happened, i.e., that he had been playing with the gun; had been cleaning the gun; and that he had placed the gun to his chin, but flinched at the instant when the gun fired.

Defendant Grover came to the police station at 5:30 p.m. He was informed of plaintiff's situation. But, he did not speak to plaintiff and did not give any special directions regarding plaintiff's treatment. Plaintiff was not handcuffed or placed in a holding cell while at the police station. At approximately 7:00 p.m., plaintiff was taken to the Johnson County detention facility by members of the Johnson County Sheriff's Department. During the transfer of custody, the Sheriff's Department employees were told by members of defendant Grover's department that plaintiff might try to hurt himself. Defendant Grover had no control over the care and treatment of plaintiff after plaintiff was taken by the Johnson County Sheriff's employees.

Plaintiff was put on suicide watch in the Johnson County detention facility. He was released on bond the following Monday afternoon and was admitted to a hospital.

In applying the undisputed facts to the legal definition of the tort of outrage as contained in *Fusaro v. First Family Mortgage Corporation, Inc.*, 257 Kan. 794, 897 P.2d 123, 131 (1995), the court has ruled that defendant Grover's conduct was not so outrageous and extreme as to exceed the bounds of decency and be regarded as atrocious and intolerable in civilized society.

Plaintiff asks for reconsideration of this decision. Plaintiff contends that it is outrageous not to have a written policy or training as to how one should arrest a fellow police officer suffering emotional and mental distress. Plaintiff further contends it is outrageous that defendant Grover distanced himself from plaintiff's arrest and did not become directly involved in the matter, particularly when defendant Grover had specific knowledge of plaintiff's history of mental illness and when plaintiff placed trust and confidence in Grover. In addition, plaintiff asserts that the arresting officers in this case had been disciplined previously for abuse of discretion in handling arrests, although plaintiff does not indicate that the abuse of discretion involved similar circumstances to those involved in the case at bar. In sum, plaintiff asserts that it was outrageous for defendant Grover and his subordinates to treat this matter as a routine domestic abuse arrest.

The court has reviewed and reconsidered this matter. We conclude that outrageous conduct is not present in this case. Plaintiff was not hysterical or disoriented. He was not actively attempting to hurt himself or others. He was under arrest. Defendant Grover is not a mental health professional. Nor was he plaintiff's doctor or legal guardian. Although defendant Grover had more

background information concerning plaintiff than police officers normally have on the mental status of persons under arrest, we do not believe decency compelled defendant Grover to intervene on the basis of this information and direct that the arresting officers send plaintiff to the hospital instead of jail. Moreover, steps were taken which guarded against suicide. Plaintiff was constantly under watch at the police station, and when custody was transferred to the Johnson County authorities a warning was given that plaintiff might attempt to hurt himself. The failure to immediately hospitalize plaintiff in an effort to mitigate his emotional distress was not outrageous in our opinion. Therefore, the court shall reject the motion for reconsideration as it applies to plaintiff's claim of outrage.

The court shall also reject the arguments for reconsideration of our decision to dismiss plaintiff's § 1983 claim. First, we note that plaintiff suggests defendant Grover might be liable under § 1983 for terminating plaintiff's employment. Such a claim against defendant Grover has not been advanced previously in the complaint. It is new and improperly made in a motion for reconsideration. Plaintiff also makes reference to a pattern or history of unspecified arrest problems by the arresting officers in this matter. But, plaintiff does not relate this allegation to the issue of whether plaintiff's rights were violated by defendant Grover's failure to direct that plaintiff be hospitalized or to train his subordinates to recognize plaintiff's emotional distress and have him hospitalized.

The court remains convinced that the record conclusively demonstrates defendant Grover did not have actual knowledge that his actions or omissions would cause plaintiff harm or that he was aware of a substantial risk of harm to plaintiff if he or his subordinates failed to order hospitalization. The officers of the police department received some training as to when to take a person to a psychiatric care facility. This decision was left to the discretion of the police officers. We are convinced that the failure of defendant Grover to further train himself or his subordinates regarding how or whether to arrest and/or hospitalize a peer suffering

from mental illness did not produce such an obvious risk of harm that it amounted to deliberate indifference to a medical need actionable under § 1983.

Finally, we believe the law was not clearly established that arresting officers should screen a nondelusional person for depression and emotional distress and hospitalize instead of jail that person when there was evidence that he attempted suicide or might attempt suicide. Therefore, defendant Grover remains entitled to summary judgment against plaintiff's § 1983 claim on the basis of qualified immunity.

For the above-stated reasons, plaintiff's motion for reconsideration or to alter or amend judgment is denied.

IT IS SO ORDERED.